## DAVID SHAW *versus* JAMES HATCH.

The stipulation, in the condition of an arbitration bond, *that the parties shall abide by the award of the arbitrators,* means only that they shall await the award of the arbitrators, without revoking the submission, and not that they shall acquiesce in the award when made.

DEBT, upon a bond. The defendant craved oyer of the bond and of the condition, which was, in substance, that the defendant should " abide by and perform" the award and determination of H. C. E. B. and J. H. mutually chosen to establish a division line between the lands of the parties, and assess and determine what sum, or sums of money, either of the parties should pay to the other for all trespass, rents and profits done and had.

The defendant then set out an award of the arbitrators, establishing the line, and ordering that all claims of either party for trespasses, rents or profits, should be forever barred, and that Hatch should pay one half of the costs, taxed at $11,62, and Shaw the other. He then pleaded performance of the award.

The plaintiff replied, that, after the making of the said award, the defendant refused to abide by the line established by the arbitrators, and, denying said line, entered upon the land, which, by said award, was found to belong to said Shaw, and, then and there, tore down certain stone corners, by the arbitrators erected, to designate and mark said line, and cut and carried away the grass and rye of the plaintiff.

To this there was a demurrer and joinder in demurrer.

*Handerson,* for the defendant, contended, that the plaintiff had entirely mistaken his remedy. If Hatch had done what was alleged in the replication, he might be liable to an action of trespass, but it was no breach of the award. The arbitrators had not awarded that Hatch should never commit a trespass. They had no power so to

do. All that had been awarded had been fully perform-ed by Hatch.

*Wilson, Jr.* for the plaintiff.

The opinion of the court was delivered by

RICHARDSON C. J. * This suit probably had its origin in a mistake with respect to the meaning of the terms used in the condition of the bond. The condition is, that the defendant shall abide by and perform the award of the arbitrators. The meaning of the terms "abide by" seems to have been taken by counsel to be the same as to acquiesce in, or not dispute. But this is not the meaning. To *abide by* an award is the same as *to abide* an award, to stand to the determination of the arbitra-tors and take the consequences of the award. It means, simply, to await the award without revoking the sub-mission. It can never be construed to mean that the defendant should not be at liberty to dispute the validity of any award that might be made. It is said by Abbot, C. J. in *Marsh* v. *Bulteel,* 5 B. & Ald. 507, that the defend-ant, " by countermanding the authority of the arbitrators, had broken the covenant *to abide by* the award." Such being the meaning of the condition, in this case, the rep-lication most clearly shows no breach.

If the award has been duly made, according to the submission, it is conclusive between the parties, and the defendant may be liable in trespass for what he has done. But nothing is alleged in the replication which amounts to a breach of the condition of the bond.

*Judgment for the defendant.*

* PARKER, J. having been of Counsel, did not sit.